# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1719

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Narin Prasert Vong, | * | |
| | * | |
| Appellant. | * | |

_____

No. 98-1725

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Khanesavanh Nhalay, also known as | * |
| Khan, | * |
| | * |
| Appellant. | * |

_____

No. 98-2342

_____

United States of America,                      *
                                                *
              Appellee,                         *
                                                *
       v.                                       *
                                                *
David Edward Martin,                            *
                                                *
              Appellant.                        *

                              _____

                    Submitted:  February 9, 1999

                      Filed:  April 9, 1999

                              _____

Before MCMILLIAN, LAY, and MURPHY, Circuit Judges.

                              _____

LAY, Circuit Judge.


       Narin Prasert Vong, Khanesavanh Nhalay, a.k.a. Khan, Phillip Adrian Robertson, Bounsong Thatsanaphone and David Edward Martin were indicted on an eleven count Superseding Indictment involving armed robberies of several jewelry stores located in the Minneapolis/St. Paul area.  Khan, Thatsanaphone and Martin cooperated with the government and testified at the trial of Vong and Robertson.

The jury found Vong guilty of four counts: one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (Count One); two counts of aiding and abetting a robbery affecting interstate commerce in violation of 18 U.S.C. §§ 2 and 1951 (Counts Eight and Ten); and one count of aiding and abetting the use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c) (Count Nine).[1]

Khan pled guilty to Counts One, Two and Three of the Superseding Indictment. Count One was conspiracy to defraud the United States in violation of 18 U.S.C. § 371, which carries a statutory maximum imprisonment term of five years. Count Two was a Hobbs Act offense of aiding and abetting robbery affecting interstate commerce in violation of 18 U.S.C. §§ 2 and 1951, which carries a statutory maximum imprisonment term of twenty years. Count Three was aiding and abetting the use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c), which carries a five-year mandatory consecutive term of imprisonment.[2]

David Martin pled guilty to Counts One, Four and Five of the Superseding Indictment. Count One was conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Count Four was a Hobbs Act offense of aiding and abetting robbery affecting interstate commerce in violation of 18 U.S.C. §§ 2 and 1951. Count Five was aiding and abetting the use of a firearm in a crime of violence in violation of 18

---

[1]Vong was sentenced to 60 months imprisonment on Count One, 87 months each on Counts Eight and Ten, all to be served concurrently, plus 60 months on Count Nine, to be served consecutively.

[2]After granting the government's motions for downward departures pursuant to §5k1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e) for the cooperation of Khan and Martin, Khan was sentenced to 30 months imprisonment on Counts One and Two, to be served concurrently, and a consecutive term of 60 months on Count Three.

U.S.C. § 924(c), which carries a five-year mandatory consecutive term of imprisonment.[3]

*Narin Prasert Vong*

On appeal, Vong argues that (1) the district court's denial of his pre-trial motion for a severance was an abuse of discretion; (2) the district court's denial of his motion for a mistrial was an abuse of discretion; and (3) the evidence was insufficient to support the jury's guilty verdict.

Severance/Mistrial

Vong made a pre-trial motion for a severance. The court adopted the magistrate judge's report and recommendation which found that no evidence existed "that a jury would be unable to distinguish and apply the evidence relating to one defendant from evidence relating to other defendants." *United States v. Vong*, No. 97-147(1), at 7 (D. Minn. July 14, 1997) (Report and Recommendation).

Vong and Robertson were charged with aiding and abetting and conspiracy to commit robbery. This court has "consistently held that persons charged with conspiracy should generally be tried together." *United States v. Kindle*, 925 F.2d 272, 277 (8th Cir. 1991). The preference for joinder cannot be overcome in this situation, where the evidence admitted throughout the trial was relevant against both Robertson and Vong to develop their respective roles in the conspiracy. Severance is necessary where the proof is such that the jury cannot be expected to compartmentalize the evidence relating to separate defendants. *United States v. Jackson*, 549 F.2d 517, 525 (8th Cir. 1977). In this case, the jury was able to distinguish and apply the evidence

---

[3]The court sentenced Martin to 30 months imprisonment on Counts One and Four, to be served concurrently, and a consecutive term of 30 months on Count Five.

-4-

presented at trial because Vong was acquitted on five counts while Robertson was convicted on each count against him. *See, e.g., United States v. Flaherty*, 76 F.3d 967, 972 (8th Cir. 1996) (finding that the fact that jury did not convict both defendants of both counts is evidence of jury's ability to analyze and distinguish evidence as to each). Finally, Vong argues that statements made by a government witness and by Robertson's counsel were prejudicial and required severance or mistrial.[4] We disagree.

During cross-examination of FBI Special Agent John Sapliway by co-defendant Robertson's counsel, Jerry Strauss, Agent Sapliway stated that "[e]verybody in this investigation was offered the same deal as Mr. Thatsanaphone." Trial Tr. at 951. Vong's attorney immediately made a motion for a mistrial because Vong had not been offered a deal and because he claimed Agent Sapliway's answer was non-responsive to the question. The district court denied Vong's motion and his request for a curative instruction, but gave Vong's attorney the option of further questioning. Vong's attorney made a tactical decision to have Robertson's attorney continue cross-examination to clarify Agent Sapliway's comment. Robertson's

---

[4]On November 18, 1998, the district court vacated the jury's verdict against Vong's co-defendant Robertson and ordered a new trial after finding that Robertson's counsel was ineffective because he failed to advise Robertson to accept the plea negotiations offered by the government. The court also noted that it had admonished Robertson's counsel and held him in contempt for making inappropriate comments to witnesses. Vong argues that he is entitled to a new trial because he was prejudiced by Robertson's counsel's inappropriate courtroom behavior. We reject this contention. It is evident from the court's order that it granted the new trial because Robertson suffered prejudice due to his attorney's failure to advise him regarding plea negotiations; Robertson was not granted a new trial because his counsel made inappropriate comments during trial. Nonetheless, any effect the inappropriate comments had on Vong we find to be harmless in light of the overwhelming evidence presented against Vong.

attorney then elicited the names of the individuals who cooperated and received deals in return for their testimony.

Vong now contends that Agent Sapliway intentionally misrepresented the truth to prejudice him. He claims he was prejudiced by Agent Sapliway's statement because it allowed the jury to falsely perceive that Vong had been offered a deal but rejected it because he viewed himself as superior to those who had accepted plea agreements from the government. He also argues that he was not given the opportunity to examine Agent Sapliway to cure the improper testimony, and that further questioning by his co-defendant's counsel did not cure the prejudice.

We find the district court did not abuse its discretion in denying a mistrial. Agent Sapliway's answer was in response to a rather vague and speculative line of questioning. Furthermore, any error that occurred by the statement was harmless and was cured by further questioning. First, as discussed below, there was overwhelming evidence to support Vong's guilt. Second, the district court ordered further questioning of Agent Sapliway to accurately set forth for the jury the individuals who cooperated with the government. Finally, the court explicitly gave Vong's counsel the opportunity to voir dire Agent Sapliway and he declined it. Therefore, Vong cannot now argue that he was not given the opportunity to cure the testimony.

Sufficiency of the Evidence

Vong next claims the evidence was insufficient to support his conviction because the case against him was based on uncorroborated and conflicting accomplice testimony. We review the sufficiency of the evidence in the light most favorable to the government with all reasonable inferences and credibility determinations made in support of the jury's verdict. *United States v. Liebo*, 923 F.2d 1308, 1311 (8th Cir. 1991). We have reviewed the evidence and are satisfied there was sufficient evidence to implicate Vong and support the jury's verdict.

The testimony developed at trial revealed that someone referred to as "O.G." or "Old Man" was requesting the robberies and buying the jewelry stolen during the robberies. Vong claims the evidence was insufficient to identify him as the O.G. behind the robberies of Bockstruck's Jewelry Store and Duke Henry Cheng, the jewelry salesman visiting from California. We disagree. The jury heard testimony from Bounthanh Keomany that identified Vong as the man who purchased the jewelry stolen in the first robbery. The jury heard testimony from Khan, who several co-conspirators identified as the primary contact with the O.G., that Vong ordered the robbery of watches at Bockstruck's Jewelry Store and drove Khan to the store to show him its location. Khan testified that Vong picked him and Bounsong Thatsanaphone up in his black Mercedes after the Bockstruck's robbery and paid him $6,000 for the stolen watches. Khan also testified that Vong discussed with him the use of weapons during the robberies and eventually asked him to rob his friend Cheng when he arrived from California.

Thatsanaphone reiterated Khan's testimony that Vong picked them up after the Bockstruck's robbery, paid Khan for the watches, and discussed the robbery of Cheng. Phone records also confirmed Khan's testimony that Vong made several phone calls to the apartment where his co-conspirators would gather and to Khan's pager. Although the crux of the case against Vong consisted of accomplice testimony and various minor inconsistencies existed within their testimony, the credibility, reliability and weight to be given to the testimony of any witness lies with the jury alone. *United States v. Hankins*, 931 F.2d 1256 (8th Cir. 1991). We affirm Vong's conviction.

*Khanesavahn Nhalay, a.k.a. Khan*

Khan argues on appeal that he was sentenced incorrectly under United States Sentencing Guideline § 5G1.1 because the court did not reduce his sentencing range

from seventy months to sixty months, the statutory maximum sentence, before departing downward to sentence him to thirty months for violation of 18 U.S.C. § 371.[5] Therefore, Khan contends that he was deprived of ten months of his reward for his substantial assistance to the government. We review the court's sentencing findings for clear error. *United States v. Fitzhugh*, 78 F.3d 1326, 1330 (8th Cir. 1996).

Sentencing Guideline § 5G1.1(a) states that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." Khan concedes that the court accurately determined his adjusted offense level at 27, with a criminal history category of I for Counts One and Two. This resulted in a sentencing range of 70-87 months, which is greater than the statutory maximum sentence allowed for violation of 18 U.S.C. § 361 (Count One) but within the maximum sentence allowed for Count Two. The court, however, granted the government's motion to depart downward pursuant to U.S.S.G. § 5K1.1 and sentenced Khan to thirty months of concurrent imprisonment on Counts One and Two. Although the court listed Khan's imprisonment range as 70-87 months, the sentence imposed does not violate U.S.S.G. § 5G1.1 because the thirty-month sentence imposed for Count One is far below the sixty-month statutory maximum set forth in 18 U.S.C. § 361. *See United States v. Behler*, 14 F.3d 1264, 1273 n.6 (8th Cir. 1994) (noting that counts may be grouped for sentencing computation purposes, but when the Guideline range for the group exceeds the statutory maximum for one

---

[5]Appellant Khan's pro se briefs are unclear whether he is appealing his 30 month sentence for violation of 18 U.S.C. § 361, or for violation of 18 U.S.C. § 924(c). His opening brief pertains to the former statute, while his reply brief pertains to the latter. We will assume that he is appealing his sentence for violation of § 361, because it carries a *maximum* sentence of five years imprisonment, while § 924(c) carries a mandatory *minimum* sentence of five years imprisonment. *See* 18 U.S.C. §§ 361 and 924(c).

of the counts within the group, that count can only be sentenced at its statutory maximum).  We affirm his sentence.[6]

*David Martin*

David Martin appeals his thirty month consecutive sentence for his violation of 18 U.S.C. § 924(c) and argues that the local jewelry stores robbed in the conspiracy did not have a sufficient impact on interstate commerce to warrant federal legislation.  Martin also contends that the court should have imposed a concurrent sentence rather than a consecutive sentence for his violation of 18 U.S.C. § 924(c) because he did not personally possess a firearm during the robberies.  Both arguments are without merit.  First, we reject Martin's consecutive sentence argument.  Martin knowingly and voluntarily pled guilty to the firearm offense.  The statute expressly dictates the court to impose a consecutive sentence rather than a concurrent sentence for its violation.[7]

---

[6]Khan raises other arguments in his brief.  Upon careful review, these claims lack merit and we decline to address them further in this opinion.

[7]18 U.S.C. § 924(c)(1) provides:

Whoever, during and in relation to any crime of violence or drug trafficking crime . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years . . . . Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, *nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.*

18 U.S.C. § 924(c)(1) (emphasis added).

We also reject Martin's argument that the jewelry stores robbed in the conspiracy did not have a sufficient impact on interstate commerce. As the indictment states, the jewelry stores robbed bought and resold jewelry that was manufactured, in part, outside the State of Minnesota and shipped to the stores using interstate transportation channels. *See United States v. Farmer*, 73 F.3d 836, 843 (8th Cir.1996)(finding that a single Waterloo, Iowa convenience store robbery had an effect on interstate commerce because the store sold products that came from outside the state and the country and its parent company had stores in several states). When Martin entered his plea of guilty, he stated that he had "no doubt" that the government could prove that the jewelry store at issue purchased jewelry and other merchandise in interstate commerce. Change of Plea Tr. at 19:20-25. By pleading guilty, Martin admitted all of the factual allegations made in the indictment, *see O'Leary v. United States*, 856 F.2d 1142, 1143 (8th Cir. 1988), and he waives all nonjurisdictional defenses. *United States v. Boone*, 869 F.2d 1089, 1092 (8th Cir. 1989); *see also United States v. Ryan*, 41 F.3d 361, 363-64 (8th Cir. 1994).[8] To the extent that Martin makes a jurisdictional argument by claiming that Congress exceeded the legislative power granted to it under the Commerce Clause by relying on *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624 (1995), we reject his

---

[8]In *Ryan*, this court considered the interstate commerce aspect of 18 U.S.C. § 844(i), which made arson of any building or property used in or affecting interstate commerce a federal crime, and rejected the defendant's challenge to the court's subject matter jurisdiction:

> The district court had subject-matter jurisdiction in this case by virtue of the fact that [the defendant] was charged with an "offense against the United States." 18 U.S.C. § 3231. The interstate commerce aspect of this case arises merely as an element of the section 844(i) offense. If that element is not satisfied, then [the defendant] is not guilty; but the court is not by the failure of proof on that element deprived of judicial jurisdiction.

*Ryan*, 41 F.3d at 363-64.

contentions.  This court has specifically stated that *Lopez* does not apply to cases involving commercial establishments.  *Farmer*, 73 F.3d at 843 (quoting the Supreme Court's statement in *Lopez*, 514 U.S. at 558, 115 S. Ct. at 1629, that Congress has the power to "protect . . . persons or things in interstate commerce").  We said that "[w]e have no doubt of the power of Congress to protect from violence businesses that are part of an interstate chain." *Id.*  Nonetheless, the statute at issue in *Lopez* was much different from the statute at issue here.  *Lopez* invalidated a statute that made it unlawful to possess a firearm within a certain distance from a school because the statute did not contain an express jurisdictional nexus to interstate commerce. *Lopez*, 514 U.S. at 562.  The statute at issue in this case, however, 18 U.S.C. § 1951, expressly contains such a jurisdictional nexus by requiring that the conduct "affect commerce," and by defining the term commerce to mean interstate commerce.

## Conclusion

For the foregoing reasons, we affirm the convictions and sentences of Narin Vong, Khanesavanh Nhalay, and David Edward Martin.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-11-