# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-1711
No. 99-1421

_____

United States of America,

           Appellee,

    v.

Susan Davidson,

           Appellant.

*
*
*
*  Appeal from the United States
*  District Court for the Western
*  District of Missouri.
*
*
*
*
*

_____

Submitted: September 16, 1999
Filed: October 20, 1999

_____

Before McMILLIAN and MURPHY, Circuit Judges, and TUNHEIM,[1] District Judge.

_____

MURPHY, Circuit Judge.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Susan Davidson was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 and sentenced by the district court[2] to 151 months imprisonment. Davidson now appeals from her conviction and sentence and seeks a judgment of acquittal or a new trial and resentencing. We affirm.

I.

Numerous witnesses testified at trial to facts linking Davidson to a conspiracy to manufacture methamphetamine in the Kansas City area. The evidence connected Davidson to four separate methamphetamine laboratories, including three labs in apartments or houses she occupied and a fourth located in a house belonging to co-conspirator James Cates. Searches of the labs were conducted under a warrant and by consent and resulted in the discovery of approximately 25 grams of methamphetamine; 454 grams of pseudoephedrine, a methamphetamine precursor chemical; and paraphernalia associated with the production of methamphetamine. Evidence of these discoveries was introduced, and a law enforcement officer testified that he had observed Davidson buy iodine and red phosphorus and deliver iodine to James Cates (iodine and red phosphorus are other precursor chemicals). Certified records of Davidson's two prior convictions for possession of methamphetamine were also placed into evidence.

Following the close of the government's case, Davidson moved for a judgment of acquittal on the ground that there was insufficient evidence of her participation in the conspiracy. The motion was denied, and Davidson was convicted by jury verdict. After Davidson was sentenced she filed a timely notice of appeal as well as a motion to dismiss the indictment on the ground that her right to a speedy trial had been violated. The district court denied the motion, and her appeal from that decision is dismissed

---

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

since she has not briefed it.  Riley v. St. Louis County, 153 F.3d 627, 630 n.4 (8th Cir. 1998).

## II.

Davidson argues that she is entitled to several forms of relief.  She seeks a judgment of acquittal on the basis that there was insufficient evidence at trial to sustain her conviction.  She seeks a new trial because evidence of her two prior convictions was improperly admitted and the district court failed to investigate adequately a potential conflict of interest between her and her counsel.  Finally, she seeks resentencing on the basis that the district court erred in calculating her criminal history category, in determining the quantity of methamphetamine for which she could be held responsible, and by failing to give her a minor role reduction.  We address each of her contentions in turn.

### A.

Davidson argues that the evidence presented at trial was insufficient to sustain the jury verdict.  Although the evidence was sufficient to demonstrate that a conspiracy existed, she argues that there was no evidence that she joined the conspiracy.  The government argues that the evidence was more than enough to prove Davidson's knowing participation in the conspiracy to manufacture methamphetamine.

"The standard of review of an appeal concerning the sufficiency of the evidence is very strict, and the verdict of the jury should not be overturned lightly."  United States v. Burks, 934 F.2d 148, 151 (8th Cir. 1991). "In reviewing the sufficiency of the evidence on appeal, the court views the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting

all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. Erdman, 953 F.2d 387, 389 (8th Cir. 1992).

In order to convict Davidson of conspiracy to manufacture methamphetamine, the government needed to prove that (1) a conspiracy existed; (2) Davidson knew of the conspiracy; and (3) she knowingly became a part of the conspiracy. United States v. Rork, 981 F.2d 314, 316 (8th Cir. 1992) (citation omitted). However, "[o]nce a conspiracy has been established, only slight evidence is needed to link a defendant to the conspiracy." United States v. Pena, 67 F.3d 153, 155 (8th Cir. 1995). The jury reasonably could have inferred from the evidence that Davidson participated in the manufacture of methamphetamine at the three labs discovered in her house and apartment. It also could have inferred from Davidson's delivery of iodine to James Cates that she intended to participate in the manufacture of methamphetamine at the lab in his home: "Participation by a defendant in a single act may in fact demonstrate membership in a conspiracy if the act itself will justify an inference of knowledge of the broader conspiracy." United States v. Tran, 16 F.3d 897, 904 (8th Cir. 1994) (citing United States v. Kirk, 534 F.2d 1262, 1272 (8th Cir. 1976)). We conclude there was sufficient evidence to sustain the jury's verdict. Davidson is therefore not entitled to a judgment of acquittal, and the district court did not err in denying her motion seeking one.

## B.

Davidson claims that she is entitled to a new trial because the district court failed to pursue a potential conflict with her counsel. On the first day of trial, Davidson indicated to defense counsel that she wanted to plead guilty. Counsel discussed the matter with the prosecution and then informed the court. The court excused the jury and began a plea colloquy with Davidson. Davidson told the court at first that she was satisfied with her counsel, but then indicated that pressure from them was causing her

to plead guilty.[3]  Upon hearing that, Judge Fenner said he would not accept a guilty plea and ordered the jury brought back.

---

[3]The colloquy between Davidson and the court was as follows:

Q:    [The court] And have you had an opportunity to discuss the charges against you with your attorney, Mr. Farris?

A:  Yes.

Q:  Are you satisfied with the legal advice and the representation that Mr. Farris and Mr. Sundby have given you in this case?

A:  Yes.

Q:  Do you have any complaint that you would like me to make or to discuss  in regard to the legal advice or legal services that Mr. Farris or Mr. Sundby have provided for you?

A:  I do feel like I am – well –

Q:  Do you feel like what, ma'am?

A:  Nothing.

Q:  Well, do you have some  complaint that you would like to make or do you have –

A:  No.

Q:  – or do you have some problem that you would like to discuss with me in regard to the services that your attorneys have provided  for you?

A:   No.

Q:  Have Mr. Farris and Mr. Sundby done everything that you have asked them to do?

A:  No.

Q:  And what is it that they have not done that you seem to have some hesitation or some concern about?

A:  I feel like I have been pressured to take a plea from the very beginning, and if I didn't, then, you know, that I don't feel like they would fight for me like I thought that maybe they would, so I am taking this plea.

Q:  You don't feel that they will fight for you, and that's why you are taking the plea?

A:  Right.  Yes because they feel like that I am going to lose.  If they feel that way, how can they fight for me.

Davidson argues that this interchange should have alerted the court to the potential for irreconcilable conflict between her and her counsel and that the court's failure to inquire further requires reversal. The government responds that Davidson never reported any irreconcilable conflict or requested new counsel at trial and that the court did not err by not delving into the subject on its own.

"[A]n accused who is forced to stand trial with the assistance of appointed counsel with whom he has become embroiled in an irreconcilable conflict is denied effective assistance of counsel. The trial court, when confronted by such an allegation, has an obligation to inquire thoroughly into the factual basis of the defendant's dissatisfaction." United States v. Swinney, 970 F.2d 494, 499 (8th Cir. 1992) (citations omitted). An accused is not guaranteed perfect representation or even a "meaningful relationship" with counsel, and "[j]ustifiable dissatisfaction sufficient to merit substitution of counsel includes 'a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." Id. (internal citations and quotation marks omitted). The defendant has the burden to show "justifiable dissatisfaction with his appointed counsel." United States v. Sayers, 919 F.2d F.2d 1321, 1323 (8th Cir.1990). A decision whether to grant a continuance or to allow substitution of counsel is reviewed for abuse of discretion. Swinney at 499.

In this case Davidson never attempted to show to the district court any justifiable dissatisfaction with counsel, and she never moved for substitution of counsel or a continuance. There is no obligation on a trial court to look into a defendant's representation unless it becomes aware of circumstances that would require further investigation. United States v. Hart, 557 F.2d 162, 163 (8th Cir. 1977). At no point in her colloquy with the court during the plea proceeding did Davidson allege an irreconcilable conflict or a complete breakdown of communication with her counsel. In the absence of such an allegation, or some other clear indication of insurmountable difficulties between her and counsel, the district court was not required to inquire into possible dissatisfaction with counsel. The district court reconvened Davidson's trial

as soon as it perceived she was not about to plead guilty voluntarily, and it was presented with no reason at that point to conduct further inquiry into the relationship between Davidson and her counsel.

Davidson also claims that the evidence of her prior convictions for possession of methamphetamine should not have been admitted under FED. R. EVID. 404(b) and unfairly prejudiced her. The government contends that this evidence was properly admitted as evidence of Davidson's knowledge of and intent to participate in a conspiracy to manufacture methamphetamine.

Under FED. R. EVID. 404(b), evidence of "other crimes, wrongs, or acts" is admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Evidence of other crimes is admissible if "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." United States v. Green, 151 F.3d 1111, 1113 (8th Cir. 1998). The admission of a defendant's "other crimes, wrongs, or acts" under this rule is reviewed for abuse of discretion. United States v. Oates, 171 F.3d 651, 659 (8th Cir. 1999). This court "will reverse only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v. Brown, 148 F.3d 1003, 1009 (8th Cir. 1998).

Davidson does not challenge the admission of her prior convictions on the basis of their remoteness in time from the offense charged or on the basis that the government offered insufficient proof to establish that she committed them. Rather, she argues that this evidence was offered solely for the improper purpose of showing her propensity to commit criminal acts.

Evidence of a defendant's prior possession of drugs in amounts consistent with personal use is admissible to show her knowledge and intent when intent is an element of the offense charged. See United States v. Oates, 173 F.3d 651, 660 (8th Cir. 1999) and United States v. Logan, 121 F.3d 1172, 1178 (8th Cir. 1996). This evidence is admissible "even if the defendant has not raised a defense based on lack of knowledge or lack of intent." Logan, 121 F.3d at 1178. A necessary element of conspiracy to manufacture methamphetamine is knowingly joining such a conspiracy, and Davidson's recent convictions for possession of methamphetamine were relevant to prove that. The relevance also outweighed any prejudice. The district court did not abuse its discretion in admitting evidence of Davidson's prior convictions for possession of methamphetamine.

C.

Davidson seeks resentencing on three grounds. She argues that the district court erred in calculating her criminal history category, in determining the quantity of methamphetamine for which she could be held responsible, and in not giving her a reduction for minor role in the offense.

1.

Davidson claims that the district court erred in calculating her criminal history category. She argues that her two prior convictions for possession of methamphetamine should have been considered only as conduct related to her conviction under U.S. Sentencing Guideline Manual §§ 1B1.3 and 4A1.2(a)(1) ("U.S.S.G."), and not in calculating her criminal history.

Davidson concedes that she failed to raise this objection below and that her point is now reviewed for plain error. Under that standard she cannot prevail unless (1) the district court erred; (2) the error was plain or clear under then current law; and (3) the

error affected her substantial rights. Fed. R. Crim. P. 52(b); <u>United States v. Montanye</u>, 996 F.2d 190, 192 (8th Cir. 1993) (citing <u>United States v. Olano</u>, 507 U.S. 725, 732-35 (1993)). When a forfeited error satisfies these requirements, we have the discretion to order correction. <u>Id.</u> Because we find that the district court did not err, we need not consider the second and third prongs of the analysis.

In determining a defendant's criminal history category under U.S.S.G. § 4A1.2(a)(1), the district court is to consider "any sentence previously imposed . . . for conduct not part of the instant offense." "[C]onduct not part of the instant offense" under this section is defined as conduct other than "relevant conduct" as defined by U.S.S.G § 1B1.3(a)(1)(A). U.S.S.G. § 4A1.2(a)(1) application note 1. "Relevant conduct" under U.S.S.G. § 1B1.3(a)(1)(A) includes "all acts . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." Conduct resulting in a prior conviction is not relevant conduct to the instant offense when it is a "'severable, distinct offense.'" <u>United States v. Copeland</u>, 45 F.3d 254, 256 (8th Cir. 1995) (quoting <u>United States v. Blumberg</u>, 961 F.2d 787, 792 (8th Cir. 1992)). Several factors are relevant to determine whether a prior conviction represents a "severable, distinct offense," including temporal and geographical proximity to the offense for which the defendant is being sentenced and the presence of a common scheme or plan or common victims. <u>Id.</u>

The possession convictions that Davidson now asserts were improperly considered by the district court resulted from conduct that took place on October 5, 1995 and February 29, 1996. Davidson was charged in this case with conspiring to manufacture methamphetamine between April 22, 1996 and December 18, 1996, so her prior offenses occurred well before the conduct charged. Neither of these prior convictions took place "during the commission of the offense of conviction[,]" U.S.S.G. § 1B1.3(a)(1)(A), and neither were connected to the conspiracy offense. No common plan or victim linked them, and simple possession of an amount of

methamphetamine consistent with personal use is not in itself preparation or furtherance of a conspiracy to manufacture methamphetamine. See, e.g., United States v. Torres-Diaz, 60 F.3d 445, 448 (8th Cir. 1995). The conduct underlying these convictions was thus not "relevant conduct" to the conspiracy offense, and the district court did not err in considering them in her criminal history category.

2.

In calculating Davidson's base offense level, the district court found Davidson responsible for 286 grams of methamphetamine. In calculating that amount, the district court relied on evidence at trial that the Cates lab was found to have 25 grams of methamphetamine and 454 grams of pseudoephedrine.[4] An affidavit submitted at the sentencing hearing indicated the potential methamphetamine yield from 454 grams of pseudoephedrine was 261 grams. The affiant was made available for cross-examination at the hearing, but Davidson chose not to question him. The district court then calculated the quantity to be 286 grams, the sum of the 25 grams and the estimated yield of 261 grams.

Davidson claims that the district court erred in calculating the quantity of methamphetamine for which she should be held responsible. She argues that the district court erred in not making specific factual findings to support its ultimate finding and that the quantity of methamphetamine found or producible at the Cates lab was not reasonably forseeable to her. The government responds that the district court properly relied on evidence submitted at trial and at the sentencing hearing and that the production of the Cates lab was reasonably forseeable to Davidson.

---

[4]Of the four labs associated with the conspiracy, only the Cates lab contained more than trace amounts of methamphetamine or methamphetamine precursor chemicals.

This court reviews the factual findings of the district court at sentencing for clear error. See Koon v. United States, 518 U.S. 81, 97 (1996). The district court's drug quantity determination will be reversed only if the reviewing court is left with "the definite and firm conviction that mistake has been committed." United States v. Simmons, 964 F.2d 763, 773 (8th Cir. 1992)(citations omitted).

In determining the facts upon which a defendant's sentence depends, a district court may rely on evidence submitted at trial or during the sentencing hearing and on uncontested statements from the defendant's presentence report. See United States v. Delpit, 94 F.3d 1134, 1154 (8th Cir. 1996). The district court did not err in relying on such evidence in calculating Davidson's base offense level.

"[I]n the case of jointly undertaken criminal activity," a defendant is criminally responsible for "all reasonably forseeable acts . . . in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). Under this guideline a defendant in a drug conspiracy case is responsible for all contraband "within the scope of criminal activity jointly undertaken by [the defendant] and reasonably foreseeable to [her]." United States v. Strange, 102 F.3d 356, 359 (8th Cir. 1996) (quoting United States v. Townley, 929 F.2d 365, 370 (8th Cir. 1991)). The evidence at trial was more than sufficient to establish Davidson's connection to the Cates lab. It showed that Davidson ordered, picked up, and delivered to James Cates 12 pounds of black iodine, a methamphetamine precursor chemical. A government witness testified that the amount of precursor chemicals Davidson delivered to Cates, when combined with a third ingredient, was sufficient to produce up to 2,500 grams of methamphetamine. The production of the Cates lab was both within the scope of the criminal activity contemplated by the conspiracy Davidson joined and was reasonably forseeable to her. The district court's finding as to Davidson's criminal responsibility for the production of the Cates lab was not clearly erroneous. See, e.g., United States v. Sales, 25 F.3d 709, 711 (8th Cir. 1994).

3.

Finally, Davidson claims that the district court erred in failing to give her a two level sentence reduction for a minor role in the conspiracy and by not making specific factual findings concerning her role. The government points out that Davidson did not move for a minor role reduction but instead for a downward departure, but that in any event her minor role argument is without merit.

If a defendant was "a minor participant" in a criminal activity, she is entitled to a two level reduction in her offense level. U.S.S.G. § 3B1.2(b). A minor participant is "any participant who is less culpable than most other participants, but whose role could not be described as minimal." Id., application note 3. The defendant bears the burden of proof on this issue. United States v. Surratt, 172 F.3d 559, 566 (8th Cir. 1999)(citation omitted). We review the district court's findings with respect to a participant's role in the offense for clear error. United States v. Correa, 167 F.3d 414, 416 (8th Cir. 1999) (citation omitted).

Assuming that this issue had been sufficiently raised in the district court, it was not error for the district court not to grant Davidson a minor role reduction. A court need not hold an evidentiary hearing or otherwise develop the factual record when there was sufficient evidence at trial to support its sentencing decisions. See United States v. Delpit, 94 F.3d 1134, 1154 (8th Cir. 1996). The district court found that Davidson's assertion that she played a minor role in the conspiracy was inconsistent with the evidence at trial, which showed she was associated with the operation of three different methamphetamine labs and had taken substantial steps to aid the manufacture at a fourth lab. In light of this evidence the district court's finding that she was not less culpable than most other participants in the conspiracy was adequately supported by the evidence and not clearly erroneous.

III.

-12-

Since Davidson has not shown that she is entitled to a judgment of acquittal, a new trial, or resentencing, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.