# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3414NE

_____

United States of America,              *
                                      *

        Appellee,              *

                                        *   On Appeal from the United

     v.                        *   States District Court

                                        *   for the District of

                                        *   Nebraska.

Tanya M. Nastase,               *
                                        *

        Appellant.            *

_____

Submitted:  April 15, 2003
Filed:  May 27, 2003

_____

Before BYE, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

This case raises a single sentencing issue:  did the District Court[1] abuse its discretion in deciding to count two prior convictions towards the defendant's criminal-history score rather than as part of her current-offense conduct.  We conclude that the District Court did not err and therefore affirm the defendant's sentence.

_____

[1]The Hon. Laurie Smith Camp, United States District Judge for the District of Nebraska.

From January of 1999 until September 17, 2001, Tanya Nastase was engaged in a conspiracy to distribute methamphetamine. Twice during this period, Ms. Nastase was arrested and found guilty of possessing small quantities of marijuana, all the while avoiding detection of her involvement in the methamphetamine conspiracy. She was eventually arrested for the methamphetamine conspiracy, and she pleaded guilty. The Pre-Sentencing Investigatory Report counted her two convictions for possession of marijuana as past criminal conduct, which ultimately put Ms. Nastase in Criminal History Category II. Ms. Nastase objected, arguing that these convictions should not have been counted as past criminal conduct because they were part of her current-offense conduct. The District Court rejected Ms. Nastase's argument because there was no evidence of a link between the marijuana and the methamphetamine conspiracy. The Court then sentenced Ms. Nastase to the statutory minimum — 120 months in prison and 5 years of supervised release.

Ms. Nastase is before this Court challenging the District Court's decision to count the past convictions as prior conduct. We review the District Court's interpretation of the Sentencing Guidelines de novo, and its factual findings for clear error. United States v. Weiland, 284 F.3d 878, 882 (8th Cir. 2002). We have held that a former conviction is not part of the instant offense (and is therefore correctly counted in the criminal-history score) if it is a "severable, distinct offense," United States v. Davidson, 195 F.3d 402, 409 (8th Cir. 1999), a determination made based upon temporal and geographical proximity, a common scheme or plan, or common victims. Weiland, 284 F.3d at 882.

In this case, the District Court found as a fact that Ms. Nastase had not proved a connection between the two prior convictions and the methamphetamine conspiracy. In light of Ms. Nastase's failure to provide any evidence on the matter, we can find no clear error in the District Court's finding. Thus, Ms. Nastase can succeed in this appeal only if we decide that marijuana possession is inherently part of a methamphetamine conspiracy offense if the marijuana possession occurred

during the same time period. The defendant argues that we should conclude as much, contending that individuals who use marijuana (and presumably other drugs as well) will often distribute drugs to pay for their habit. That may be the case, but this alone does not make the possession of marijuana part of the conspiracy to distribute offense. Ms. Nastase was given the opportunity to prove that, in this case, her possession of marijuana was tied to her involvement in the methamphetamine conspiracy; she chose not to avail herself of this opportunity. We decline to adopt a per se rule linking these offenses.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.