# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2271
_____

United States of America

*Plaintiff - Appellee*

v.

Francisco Hernandez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: December 10, 2012
Filed: April 9, 2013

_____

Before LOKEN, MELLOY, and COLLOTON, Circuit Judges.

_____

LOKEN, Circuit Judge, with whom MELLOY, Circuit Judge, joins.

Francisco Hernandez pleaded guilty to distributing more than five grams of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1) and (b)(1). He was sentenced to 100 months in prison, the bottom of the advisory guidelines range.

Hernandez appeals, arguing the district court[1] committed clear procedural sentencing error when it assigned three criminal history points to a prior state drug conviction because it was based on relevant conduct. Finding no clear error, we affirm.

In November 2010, Omaha police officers stopped a vehicle driven by Hernandez and found over twenty grams of methamphetamine. On March 11, 2011, Hernandez accompanied an undercover federal agent and a third person to purchase methamphetamine. The trio went to a residence in Omaha, where Hernandez was handed the buy money, went into the residence, and returned with 34.65 grams of actual methamphetamine for the undercover agent. On August 5, 2011, he pleaded guilty to state charges for the November 2010 attempted distribution offense and was sentenced by the state court to two to four years in prison. On August 24, 2011, based on the March 2011 transaction, he was indicted for this federal offense, to which he pleaded guilty on February 16, 2012.

The Presentence Investigation Report ("PSR") classified the 2011 state court conviction as a "prior sentence" for purposes of U.S.S.G. § 4A1.1 and assigned it three criminal history points. Hernandez objected and, at sentencing, presented excerpts from an FBI agent's affidavit supporting the assertion that, on both occasions, Hernandez was acting as a "middle man" for the same supplier in order to feed his longstanding methamphetamine addiction. Therefore, he contended, this common "mode of operation" meant the prior offense was imposed for "relevant conduct" and is not a "prior sentence." The district court disagreed, explaining:

> [The indictment charged that] the defendant knowingly and intentionally distributed five grams or more of methamphetamine on March 11 of 2011. It's not a conspiracy allegation covering any particular period of time.

---

[1]The Honorable Laurie Smith Camp, Chief Judge of the United States District Court for the District of Nebraska.

[The state conviction] deals with possession with intent to deliver methamphetamine on November 15 of 2010, four months earlier than the offense that gave rise to the charge in the indictment. So, it appears to me that those are separate and distinct acts that the defendant engaged in. . . . And because we are dealing with a charge that is simply one of distribution, five grams or more on a specific date, March 11, 2011, I do not consider the offense that took place on November 15 of 2010 to be relevant conduct under either the letter or the spirit of the guidelines.

On appeal, Hernandez argues the November 2010 conduct underlying his state court conviction was relevant conduct because it was "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). The precise issue is whether the court erred in assigning criminal history points to the 2011 state court drug conviction. Relevant conduct is more commonly considered in determining a defendant's base offense level. But Hernandez is correct that the two issues overlap. "When calculating criminal history points, a sentencing court is to consider 'any sentence previously imposed . . . for conduct not part of the instant offense,' defined as conduct other than 'relevant conduct' under U.S.S.G. § 1B1.3." United States v. Pinkin, 675 F.3d 1088, 1090 (8th Cir. 2012), quoting U.S.S.G. § 4A1.2(a)(1) & comment. (n.1). We review "prior sentence" and "relevant conduct" determinations for clear error, "remembering that such a determination is fact-intensive and well within the district court's sentencing expertise and greater familiarity with the factual record." United States v. Boroughf, 649 F.3d 887, 890 (8th Cir. 2011) (quotation omitted); see Pinkin, 675 F.3d at 1091.

As the district court recognized and Hernandez concedes, in determining under § 4A1.2(a)(1) whether a prior conviction should not be counted because it was imposed for relevant conduct, "[c]onduct underlying a prior conviction is not relevant to the instant offense if the former conviction was a 'severable, distinct offense' from the latter." United States v. Weiland, 284 F.3d 878, 881 (8th Cir. 2002) (citation omitted). Factors we have consistently applied in reviewing this determination

include "temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used to prove the instant offense." Pinkin, 675 F.3d at 1091 (quotation omitted).

At issue here are two distinct distribution offenses that were committed four months apart, uncovered during unrelated law enforcement operations, and charged by two different jurisdictions. We have repeatedly affirmed district court findings that prior drug possession offenses were "separate and distinct" when the conduct underlying the prior conviction was neither alleged in the subsequent indictment nor used to prove the offense of conviction. See Pinkin, 675 F.3d at 1091; United States v. Ault, 598 F.3d 1039, 1041 (8th Cir. 2010); United States v. Davidson, 195 F.3d 402, 409 (8th Cir. 1999), cert. denied, 528 U.S. 1180 and 529 U.S. 1093 (2000); United States v. Copeland, 45 F.3d 254, 256-57 (8th Cir. 1995). The district court did not clearly err when it applied the proper standard and found that the 2011 state court conviction was a "prior sentence" for criminal history purposes because it was imposed for a "separate and distinct" offense.

In arguing to the contrary, Hernandez relies on the relatively broad definitions of "common scheme or plan" and "same course of conduct" in application note 9 to U.S.S.G. § 1B1.3, which we have applied in reviewing base-offense-level findings in cases such as United States v. Spence, 125 F.3d 1192, 1195 (8th Cir. 1997), cert. denied, 523 U.S. 1087 (1998). Given the clear error standard of review, it is not relevant whether we would have affirmed a contrary relevant conduct finding in an appeal challenging the determination of Hernandez's base offense level, and we do not consider that question. Moreover, there are important differences in the context in which the two issues arise that explain any apparent anomalies in our case law.

When the issue is whether prior conduct should increase the base offense level, it often involves uncharged conduct that will otherwise go unpunished. But when the issue is whether a prior conviction was a "prior sentence" for criminal history

purposes, the prior conduct has been punished; the question is the extent of incremental punishment to impose in sentencing the offense of conviction. This case well illustrates the distinction. Hernandez argued to the district court, as he does on appeal, that the twenty grams of methamphetamine found in his possession in November 2010 should be added to drug quantity in determining his base offense level, but he should have three fewer criminal history points. Defense counsel candidly explained to the district court that these offsetting adjustments would produce the same advisory guidelines range of 100 to 125 months in prison. However, the relevant conduct determination would make Hernandez eligible for a downward departure crediting time served for the state offense under U.S.S.G. § 5K2.23. Hernandez also filed complementary motions for this downward departure, and for a downward variance based on various mitigating circumstances.

The district court overruled the criminal history objection, denied the motions for a downward departure and a variance, and sentenced Hernandez to 100 months in prison. Under the advisory guidelines, the district court had discretion to allow Hernandez the sentence credit he was seeking *either* by sustaining his criminal history objection and granting a downward departure, *or* by granting his alternative motion for a variance. The court did not do so, no doubt because Hernandez's extensive criminal history (removing three criminal history points would reduce him from Criminal History Category V to Category IV), and his refusal to stop drug trafficking following the November 2010 arrest, demonstrated the need for this level of incremental punishment. The overriding objective in making this type of sentencing determination is "to achieve a reasonable punishment for the instant offense." U.S.S.G. §§ 5G1.3(c), 5K2.23. In these circumstances, the alleged procedural error borders on being harmless error.

The judgment of the district court is affirmed.

COLLOTON, Circuit Judge, with whom MELLOY, Circuit Judge, joins, concurring in the judgment.

This appeal turns largely on the deferential "clear error" standard of review that applies in this circuit to determinations of whether uncharged conduct is "part of the instant offense" of conviction under the sentencing guidelines. *E.g.*, *United States v. Boroughf*, 649 F.3d 887, 890 (8th Cir. 2011). Uncharged conduct is "part of the instant offense" for purposes of USSG § 4A1.2(a)(1) if the conduct "is relevant conduct to the instant offense under the provisions of § 1B1.3." *See* USSG § 4A1.2, comment. (n.1). In this case, therefore, the question is whether Francisco Hernandez's attempted distribution of methamphetamine in November 2010 was part of the same course of conduct, or common scheme or plan, as his distribution of methamphetamine in March 2011. *See* USSG § 1B1.3(a)(2). As illustrated by *United States v. Spence*, 125 F.3d 1192, 1195 (8th Cir. 1997), a finding by the district court that the November 2010 conduct *was* part of Hernandez's instant offense likely would have survived appellate review. One course of conduct, or a single common scheme or plan, can span several months, enter multiple jurisdictions, and encounter different law enforcement operations.

At the same time, I cannot say that the district court's contrary conclusion—that the November 2010 attempted distribution was *not* part of the same course of conduct or common scheme as the March 2011 distribution—was clearly erroneous, that is, a finding that leaves the court with "the definite and firm conviction that a mistake has been committed." *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (internal quotation omitted). Hernandez's argument is stronger, in one respect, than those of the defendants in cases where this court held that *simple possession or use* of drugs or drug paraphernalia was not part of the same course of conduct or common scheme as a drug trafficking or manufacturing offense. *E.g.*, *United States v. Pinkin*, 675 F.3d 1088, 1090-91 (8th Cir. 2012) (affirming finding that marijuana possession offense was not part of the instant offense of conspiring to distribute

-6-

cocaine); *United States v. Ault*, 598 F.3d 1039, 1041-42 (8th Cir. 2010) (conviction for use of drug paraphernalia was not part of conspiracy to manufacture methamphetamine); *United States v. Nastase*, 329 F.3d 622, 623-24 (8th Cir. 2003) (marijuana possession offense was not part of conspiracy to distribute methamphetamine offense); *United States v. Davidson*, 195 F.3d 402, 409 (8th Cir. 1999) ("[S]imple possession of an amount of methamphetamine consistent with personal use is not in itself preparation or furtherance of a conspiracy to manufacture methamphetamine."). Here, both offenses involved *trafficking* of the *same* controlled substance (methamphetamine), and Hernandez contends that he received the drugs involved in both offenses from the same drug supplier.

But there was a four-month break between Hernandez's offenses, *cf. Davidson*, 195 F.3d at 409, and the record included no evidence of intervening activity that convincingly linked the two offenses in a single course of conduct or common scheme. True, we did not require such an intervening link to affirm a finding of relevant conduct in *Spence*, but that, too, was a close judgment call. A reasonable sentencing judge could find that the evidence here established distinct transactions that were not sufficiently connected to be part of the same offense. *See United States v. Darmand*, 3 F.3d 1578, 1582 (2d Cir. 1993). One might think that whether conduct is "part of the instant offense" is a question of law that should be reviewed *de novo* to ensure uniform treatment, *see United States v. Dozier*, 555 F.3d 1136, 1139 (10th Cir. 2009), but our circuit precedent forecloses that approach.[2]

_____

[2]Part of the district court's explanation suggests that the court might have thought mistakenly that Hernandez's prior conduct was not "part of the instant offense" because the instant offense was a substantive count of distribution that occurred on a single date rather than a conspiracy to distribute that occurred over time. S. Tr. 8-9. Even when a defendant is charged only with a substantive drug trafficking count, the guidelines provide that an uncharged conspiracy is relevant conduct to a substantive offense that is part of the conspiracy. *See* USSG § 1B1.3(a)(1)(B) & comment. (n.2); *United States v. Bennett*, 708 F.3d 879, 888-90 (7th Cir. 2013). The district court, however, also cited the fact that Hernandez's offenses were "separated

I do not join the suggestion, however, that "differences in . . . context," *ante*, at 4, may allow sentencing courts to apply different standards for determining the scope of the "instant offense" when calculating, respectively, a criminal history category under § 4A1.2 and a base offense level under § 2D1.1. The same legal standard of USSG § 1B1.3 and "relevant conduct" applies in both contexts. The Sentencing Commission amended § 4A1.2 in 1993 to make this clear. The original version of § 4A1.2 did not define when uncharged conduct is "part of the instant offense," *see United States v. Blumberg*, 961 F.2d 787, 792 (8th Cir. 1992) (applying a "severable, distinct offense" standard), but the 1993 amendment specified that "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)." The Commission explained that "[t]his amendment expressly provides that the term 'part of the instant offense' in § 4A1.2(a)(1) means relevant conduct as defined in § 1B1.3 (Relevant Conduct) *to avoid double counting and ensure consistency with other guideline provisions*." USSG App. C, amend. 493 (emphasis added). Since then, this court has harmonized the pre-1993 "severable, distinct offense" standard with the relevant conduct standard that applies under the amended guideline. *Davidson*, 195 F.3d at 409 ("Conduct resulting in a prior conviction is not relevant conduct to the instant offense when it is a 'severable, distinct offense.'") (internal quotation omitted); *see Pinkin*, 675 F.3d at 1090-91; *United States v. Stone*, 325 F.3d 1030, 1032 (8th Cir. 2003); *United States v. Weiland*, 284 F.3d 878, 881-82 (8th Cir. 2002); *United States v. Berry*, 212 F.3d 391, 395 n.3 (8th Cir. 2000).

Sentencing courts presented with a question under § 4A1.2(a)(1) should consider carefully whether uncharged conduct that the government says is *not* part of the instant offense for purposes of a defendant's criminal history score would be

substantially in time," S. Tr. 8, to support its finding that this case involved "separate and distinct acts." *Id*. at 3. The overall explanation does not establish that the district court applied an erroneous legal standard.

considered relevant conduct for purposes of the base offense level calculation under § 2D1.1 if the shoe were on the other foot. Disparity of treatment arising from a deferential standard of review will be minimized if the sentencing courts apply a consistent substantive standard in both contexts.

———————————————