COLLOTON, Circuit Judge,
with whom MELLOY, Circuit Judge, joins, concurring in the judgment.
This appeal turns largely on the deferential “clear error” standard of review that *411 applies in this circuit to determinations of whether uncharged conduct is “part of the instant offense” of conviction under the sentencing guidelines. E.g., United States v. Boroughf, 649 F.3d 887, 890 (8th Cir.2011). Uncharged conduct is “part of the instant offense” for purposes of USSG § 4A1.2(a)(l) if the conduct “is relevant conduct to the instant offense under the provisions of § 1B1.3.” See USSG § 4A1.2, comment. (n.l). In this case, therefore, the question is whether Francisco Hernandez’s attempted distribution of methamphetamine in November 2010 was part of the same course of conduct, or common scheme or plan, as his distribution of methamphetamine in March 2011. See USSG § 131.3(a)(2). As illustrated by United States v. Spence, 125 F.3d 1192, 1195 (8th Cir.1997), a finding by the district court that the November 2010 conduct was part of Hernandez’s instant offense likely would have survived appellate review. One course of conduct, or a single common scheme or plan, can span several months, enter multiple jurisdictions, and encounter different law enforcement operations.
At the same time, I cannot say that the district court’s contrary conclusion — that the November 2010 attempted distribution was not part of the same course of conduct or common scheme as the March 2011 distribution — was clearly erroneous, that is, a finding that leaves the court with “the definite and firm conviction that a mistake has been committed.” See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (internal quotation omitted). Hernandez’s argument is stronger, in one respect, than those of the defendants in cases where this court held that simple possession or use of drugs or drug paraphernalia was not part of the same course of conduct or common scheme as a drug trafficking or manufacturing offense. E.g., United States v. Pinkin, 675 F.3d 1088, 1090-91 (8th Cir.2012) (affirming finding that marijuana possession offense was not part of the instant offense of conspiring to distribute cocaine); United States v. Ault, 598 F.3d 1039, 1041-42 (8th Cir.2010) (conviction for use of drug paraphernalia was not part of conspiracy to manufacture methamphetamine); United States v. Nastase, 329 F.3d 622, 623-24 (8th Cir.2003) (marijuana possession offense was not part of conspiracy to distribute methamphetamine offense); United States v. Davidson, 195 F.3d 402, 409 (8th Cir.1999) (“[Simple possession of an amount of methamphetamine consistent with personal use is not in itself preparation or furtherance of a conspiracy to manufacture methamphetamine.”). Here, both offenses involved trafficking of the same controlled substance (methamphetamine), and Hernandez contends that he received the drugs involved in both offenses from the same drug supplier.
But there was a four-month break between Hernandez’s offenses, cf. Davidson, 195 F.3d at 409, and the record included no evidence of intervening activity that convincingly linked the two offenses in a single course of conduct or common scheme. True, we did not require such an intervening link to affirm a finding of relevant conduct in Spence, but that, too, was a close judgment call. A reasonable sentencing judge could find that the evidence here established distinct transactions that were not sufficiently connected to be part of the same offense. See United States v. Darmand, 3 F.3d 1578, 1582 (2d Cir.1993). One might think that whether conduct is “part of the instant offense” is a question of law that should be reviewed de novo to ensure uniform treatment, see United States v. Dozier, 555 F.3d 1136, 1139 (10th Cir.2009), but our circuit precedent fore *412 closes that approach.[2]
I do not join the suggestion, however, that “differences in ... context,” ante, at 4, may allow sentencing courts to apply different standards for determining the scope of the “instant offense” when calculating, respectively, a criminal history category under § 4A1.2 and a base offense level under § 2D1.1. The same legal standard of USSG § IB 1.3 and “relevant conduct” applies in both contexts. The Sentencing Commission amended § 4A1.2 in 1993 to make this clear. The original version of § 4A1.2 did not define when uncharged conduct is “part of the instant offense,” see United States v. Blumberg, 961 F.2d 787, 792 (8th Cir.1992) (applying a “severable, distinct offense” standard), but the 1993 amendment specified that “[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct).” The Commission explained that “[t]his amendment expressly provides that the term ‘part of the instant offense’ in § 4A1.2(a)(l) means relevant conduct as defined in § 1B1.3 (Relevant Conduct) to avoid double counting and ensure consistency with other guideline provisions.” USSG App. C, amend. 493 (emphasis added). Since then, this court has harmonized the pre-1993 “severable, distinct offense” standard with the relevant conduct standard that applies under the amended guideline. Davidson, 195 F.3d at 409 (“Conduct resulting in a prior conviction is not relevant conduct to the instant offense when it is a ‘severable, distinct offense.’ ”) (internal quotation omitted); see Pinkin, 675 F.3d at 1090-91; United States v. Stone, 325 F.3d 1030, 1032 (8th Cir.2003); United States v. Weiland, 284 F.3d 878, 881-82 (8th Cir.2002); United States v. Berry, 212 F.3d 391, 395 n. 3 (8th Cir.2000).
Sentencing courts presented with a question under § 4A1.2(a)(1) should consider carefully whether uncharged conduct that the government says is not part of the instant offense for purposes of a defendant’s criminal history score would be considered relevant conduct for purposes of the base offense level calculation under § 2D1.1 if the shoe were on the other foot. Disparity of treatment arising from a deferential standard of review will be minimized if the sentencing courts apply a consistent substantive standard in both contexts.

. Part of the district court’s explanation suggests that the court might have thought mistakenly that Hernandez's prior conduct was not "part of the instant offense” because the instant offense was a substantive count of distribution that occurred on a single date rather than a conspiracy to distribute that occurred over time. S. Tr. 8-9. Even when a defendant is charged only with a substantive drug trafficking count, the guidelines provide that an uncharged conspiracy is relevant conduct to a substantive offense that is part of the conspiracy. See USSG § 1B1.3(a)(1)(B) & comment, (n. 2); United States v. Bennett, 708 F.3d 879, 888-90 (7th Cir.2013). The district court, however, also cited the fact that Hernandez's offenses were “separated substantially in time,” S. Tr. 8, to support its finding that this case involved “separate and distinct acts.” Id. at 3. The overall explanation does not establish that the district court applied an erroneous legal standard.