UNITED STATES of America, Appellee,

v.

Ronald Clarence FISCHL, Appellant.

UNITED STATES of America, Appellee,

v.

Laurence Norman MAIN, Appellant.

Nos. 93–2285, 93–2286.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1993.

Decided Feb. 16, 1994.

Rehearing and Suggestion for Rehearing
En Banc Denied in No. 93–2286.

Counsel who presented argument on be-half of the appellant was James Ostgaard, Minneapolis, MN for Fischl; Barry Voss, Minneapolis, MN for Main.

Counsel who presented argument on be-half of the appellee was D. Gerald Wilhelm, Minneapolis, MN.

Before RICHARD S. ARNOLD, Chief Judge, BEAM, Circuit Judge, and BOGUE,* Senior District Judge.

---

* The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

BEAM, Circuit Judge.

Laurence Norman Main and Ronald Clarence Fischl were indicted under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 for conspiracy to distribute methamphetamine and under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 for aiding and abetting the possession with intent to distribute methamphetamine. Fischl entered a plea of guilty to an information charging him with attempted possession of methamphetamine. Main went to trial and was convicted by a jury of both counts in the indictment.

Fischl was sentenced to 121 months incarceration. He raises sentencing guideline issues on appeal. Main received a 240–month prison term and ten years of supervised release. He raises various evidentiary issues on appeal.

Main and Fischl were arrested as a result of a reverse sting operation. After the arrest, a search warrant was executed for the residence of Main. The search resulted in seizure of a number of items including cash, silver, gold jewelry and a scanner used to detect body listening devices. Silver was found in Main's truck.

A search warrant was also executed for Fischl's residence. This resulted in seizure of electronic gram scales, a police radio scanner, a bullet-proof vest and large sums of money.

## I. MAIN

Main and Fischl filed motions to suppress the evidence seized at their residences and found in Main's truck. The motions were considered by a United States Magistrate Judge[1] who issued a report and recommendation. After considering objections by the appellants, the district court[2] adopted the Magistrate Judge's report and recommendation and, as indicated, denied the motions. Main appeals the denial of his motion. We have carefully reviewed this ruling and agree with the result reached by the district court.

■ At trial, the court admitted evidence of Main's prior drug convictions under Fed.R.Evid. 404(b), giving the limiting instructions on such evidence required by this court. A trial court has broad discretion in admitting evidence of other crimes. *United States v. Longbehn*, 898 F.2d 635, 639 (8th Cir.1990), *cert. denied*, 495 U.S. 952, 110 S.Ct. 2217, 109 L.Ed.2d 542 and 498 U.S. 877, 111 S.Ct. 208, 112 L.Ed.2d 168 (1990). We have examined the record on appeal and find no abuse of discretion in this instance.

■ Fischl was called as a witness during an offer of proof made out of the jury's presence and, when questioned by Main's attorney, invoked his Fifth Amendment right not to testify. Main then sought to introduce testimony given by Fischl at an earlier detention hearing as hearsay evidence admissible under Federal Rule of Evidence 804(b)(1). The district court sustained the government's hearsay objection and ruled that the testimony was inadmissible because it failed to meet one of the exceptions outlined in the rule. We find this ruling to be somewhat problematic but, if error, harmless given the overwhelming evidence of Main's guilt. A ruling by the trial court on the admissibility of hearsay evidence is reviewed under an abuse of discretion standard. *Hannah v. City of Overland*, 795 F.2d 1385, 1388–89 (8th Cir.1986). And, a court may not admit former testimony absent satisfaction of both elements of Rule 804(b)(1). *United States v. Salerno*, —— U.S. ——, ——, 112 S.Ct. 2503, 2507, 120 L.Ed.2d 255 (1992). The government contends that it did not have a "similar motive" to develop Fischl's testimony by cross-examination at the detention hearing as it would have had at trial. The trial court credited this contention. We find no abuse of discretion in this ruling. Furthermore, as indicated, even if this evidence was admissible, the error by the trial judge was harmless.

Main also raises other evidentiary issues including a sufficiency of the evidence argu-

---

1. The HONORABLE FLOYD E. BOLINE, United States Magistrate Judge for the District of Minnesota.

2. The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota.

ment. We find these claims to be without merit.

## II. FISCHL

Fischl sought a downward departure from the sentencing guideline range under U.S.S.G. § 5H1.4 because he suffers from diabetes. Section 5H1.4 provides, in part, that "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range." The district court, with knowledge of its authority to depart, refused to reduce Fischl's sentence below the guideline calculation. We established in *United States v. Evidente*, 894 F.2d 1000 (8th Cir.), *cert. denied*, 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990), that we have no authority under the circumstances of this case to review a sentencing court's exercise of its discretion not to make a downward departure. *Id.* at 1004.

## III. CONCLUSION

Accordingly, we affirm the conviction of Main and the sentence imposed upon Fischl.