37 F.3d 1503
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Gary L. BOVEE, Appellant.
 No. 94-1424.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 12, 1994.
Filed: Oct. 14, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gary L. Bovee pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). He moved for a downward departure at sentencing under U.S.S.G. Sec. 5H1.4, arguing that he suffered from an extraordinary physical impairment based on medical complications arising from his treatment for throat cancer, and also based on injuries he suffered during a physical altercation with another federal detainee. The district court[1] declined to depart and sentenced Bovee to 92 months imprisonment and three years supervised release. Bovee appeals his sentence. We affirm.
 
 
 2
 We may not review a sentencing court's exercise of its discretion not to make a downward departure. United States v. Fischl, 16 F.3d 927, 929 (8th Cir. 1994). Bovee argues, however, that the district court never exercised its discretion because the court believed it could depart only if the Bureau of Prisons was unable to accommodate his medical condition. He maintains that the court thus never reached the question of whether he suffered from an extraordinary physical impairment warranting departure. We cannot agree with Bovee's characterization of the record.
 
 
 3
 The district court declined to depart after hearing information about Bovee's medical condition, including recent medical reports. The court found that Bovee's condition had stabilized and that his impairments were not so extraordinary as to warrant a downward departure. The court concluded that Bovee could be treated as well in prison as at home. Based on these and other statements in the record, we are convinced that the district court's decision not to depart was an exercise of discretion-and not based on a belief that departure was prohibited. See United States v. Hilton, 946 F.2d 955, 960 (1st Cir. 1991) (district court believed it had power to depart for extraordinary physical impairment but declined to do so after finding no sufficiently extraordinary impairment; court found that Bureau of Prisons could accommodate defendant's medical needs). Thus, the district court's ruling is unreviewable.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska