# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1003

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Kenneth Dean Weaver, Jr., | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 27, 1998

Filed: December 4, 1998

_____

Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Kenneth Dean Weaver, Jr., pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 2 (Count 1); to breaking into a United States Post Office with intent to commit a larceny and other depredation, in violation of 18 U.S.C. §§ 2115 and 2 (Count 3); and to stealing firearms from a licensed dealer, in violation of 18 U.S.C. §§ 922(u) and 924(i)(1) (Information Count 1). The district court sentenced Weaver to concurrent prison terms of 120 months on Count 1, 60 months on Count 3, and 120 months on Information Count 1, to be followed by 3 years' supervised release; and ordered

Weaver to pay restitution of $6,227. This appeal followed, in which Weaver argues that the presentence report's (PSR) recommendation of a base offense level of 26 instead of 22 due to a typographical mistake was plain error. We agree, and we vacate Weaver's sentence and remand for resentencing.

The PSR recited that, as to the convictions for being a felon in possession and for burglarizing a licensed firearms business, U.S. Sentencing Guidelines Manual § 2K2.1(a)(3) (1997) established a base offense level of 22, because the offenses involved a firearm described in 18 U.S.C. § 921(a)(30), and Weaver had at least one prior felony conviction for a crime of violence. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(3) (1997) (providing for base offense level of 22 if offense involved firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30) and defendant has one prior felony conviction of either crime of violence or controlled substance offense). The probation officer noted elsewhere in the PSR--in two paragraphs discussing the impact of the plea agreement--that the probation office had "scored" Weaver with a base offense level of 22. Inexplicably, however, the probation officer placed "26" in the numerical column corresponding to Weaver's base offense level. A base offense level of 26, however, applies to defendants who possess the requisite type of firearm and have "at least **two** prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 2K2.1(a)(1) (1997) (emphasis added). Starting with a base offense level of 22, and factoring in the PSR's recommended offense-level enhancements and reductions, Weaver's total offense level should have been only 25; instead, because of the error, it was 26.

Based on a total offense level of 26 and a Category VI criminal history, the PSR recommended a Guidelines imprisonment range of 120-150 months. Neither party objected to the PSR, although Weaver contended that his medical condition provided grounds for departure under U.S. Sentencing Guidelines Manual § 5H1.4 (1997). The court denied Weaver's departure motion and sentenced him at the bottom of the sentencing range to 120 months' imprisonment.

Because Weaver did not object to the error in the PSR, we review only for plain error.  See Fed. R. Crim. P. 52(b); United States v. Herron, 97 F.3d 234, 238 (8th Cir. 1996), cert. denied, 117 S. Ct. 998 (1997).  Under plain error review, we must determine whether the district court committed an error that is plain, and whether that error affected the defendant's substantial rights.  See United States v. Gibson, 123 F.3d 1121, 1123 (8th Cir. 1997).  If the error was plain and substantial rights were affected, we will exercise our discretion to reverse only where "the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  United States v. Olano, 507 U.S. 725, 736 (1993) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).  Moreover, Weaver bears the burden of showing the error affected his substantial rights.  See United States v. Aikens, 132 F.3d 452, 454-55 (8th Cir.), cert. denied, 119 S. Ct. 114 (1998).

The parties agree that an error occurred in this case and that it was plain.  The government argues, however, that the error did not affect Weaver's substantial rights because the 120-month sentence he received fell within the Guidelines range of 110-137 months which would have applied absent the error in the PSR.  The government draws our attention to decisions that have found no plain error where the defendant's sentence fell within what would have been the correct Guidelines range absent the error.  See, e.g., United States v. Arigbodi, 924 F.2d 462 (2d Cir. 1991).  Nevertheless, we believe the present case is distinguishable given the district court's statements at Weaver's sentencing hearing, the court's reasons stated in the written judgment for imposing the 120-month sentence, and the nature of the error.  Specifically, the court stated at the hearing that it was sentencing Weaver at the bottom of the sentencing range with "some reservation" because of the court's concern over Weaver's criminal history, but that the court had been influenced by Weaver's cooperation for which the government had not filed a departure motion, and that the court also had considered Weaver's health.  The written judgment reiterated that the court had sentenced Weaver as it did because of his health and the lack of a substantial-assistance motion, and added another sentencing consideration:  Weaver's relatively young age.  All of the

reasons stated by the district court for imposing Weaver's sentence at the bottom of the sentencing range are present whether Weaver's sentencing range is 120-150 months or 110-137 months. Accordingly, we are unwilling to say that Weaver's substantial rights were not affected by the error, because our review of the record as a whole persuades us that the court might well have sentenced Weaver to a lesser term of imprisonment under the range that would have applied but for the typographical error. See United States v. Wallace, 32 F.3d 1171, 1174-75 (7th Cir. 1994) (defendant was sentenced at bottom of incorrect sentencing range to 168 months; absent error, correct range was 151-188 months and plain error existed because district court chose lowest possible sentence in erroneous range and appellate court had "no reason to believe that [district court] would not have selected an even lower sentence" in correct sentencing range if given opportunity to do so). Thus, we believe that this is an appropriate case in which to exercise our discretion to reverse, for we believe that the public's confidence in the judicial process would be undermined if an inadvertent typographical error were to be allowed to influence the length of a criminal defendant's sentence.[1]

The sentence is vacated, and the case is remanded to the district court for sentencing under the correct Guidelines range of 110-137 months.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]Weaver also argues that the district court erred in not granting a downward departure based on his poor health. Because the record shows that the district court exercised its discretion in refusing to depart, Weaver's challenge is unreviewable. See United States v. Fischl, 16 F.3d 927, 929 (8th Cir. 1994).