# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2144

_____

United States of America,                    *
                                              *
            Appellee,                         *
                                              *   Appeal from the United States
      v.                                      *   District Court for the Western
                                              *   District of Missouri.
Christopher Warren,                           *
                                              *
            Appellant.                        *

_____

Submitted:  January 14, 2004

Filed:   March 22, 2004

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

      Christopher Warren appeals the sentence imposed after his conviction for a
serious drug trafficking offense.  Due to a plain error in the computation of Warren's
sentencing guideline range, we remand for resentencing.

      Warren pled guilty to the offense of conspiracy to manufacture and distribute
50 grams or more of methamphetamine between March 2001 and January 2002.  The
district court found that Warren was a career offender within the meaning of USSG
§ 4B1.1, because he was at least 18 years old at the time of the offense of conviction,

he was convicted of a felony controlled substance offense, and he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. The two qualifying convictions were for second degree burglary in 1996 and statutory rape in 1999, both in Missouri.

Because the statutory maximum penalty for Warren's instant drug trafficking offense was life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A), the district court applied a base offense level of 37 under the career-offender guideline. *See* USSG § 4B1.1(b)(A). The court then imposed a two-level upward adjustment for obstruction of justice under USSG § 3C1.1, based on its finding that Warren had committed perjury in proceedings before the court. Finally, the court awarded a three-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1. As a result, Warren was subject to a total offense level of 36, criminal history category VI, *see* USSG § 4B1.1(b), and a sentencing range of 324 to 405 months. The court imposed a sentence of 324 months imprisonment.

Warren asserts the district court erred in finding that he was a career offender, because his conviction for second degree burglary did not qualify as a "crime of violence" within the meaning of USSG § 4B1.2(a). Warren contends that because the Missouri statute defining second degree burglary includes unlawful entry into an "inhabitable structure," Mo. Rev. Stat. § 569.170, which in turn encompasses "a ship, trailer, sleeping car, [or] airplane," Mo. Rev. Stat. § 569.010(2), the conviction may be for conduct that does not constitute "generic burglary" for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See Taylor v. United States*, 495 U.S. 575, 598-99 (1990). As this case does not involve § 924(e), we charitably interpret Warren's contention to be that if his conviction were for burglary of a ship, trailer, sleeping car, or airplane, then it would not be a "crime of violence" for purposes for the career-offender sentencing guideline.

We have held repeatedly that burglary of a commercial structure constitutes a "crime of violence" because it "involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2); *see United States v. Blahowski*, 324 F.3d 592, 594-97 (8th Cir.), *cert. denied*, 124 S. Ct. 356 (2003); *United States v. Reynolds*, 116 F.3d 328, 330 (8th Cir. 1997); *United States v. Hascall*, 76 F.3d 902, 906 (8th Cir. 1996). We have not specifically addressed whether burglary of a ship, trailer, sleeping car, or airplane would qualify as a "crime of violence." We need not do so here, because Warren did not object to the characterization of his burglary offense in the presentence report ("PSR"), which said that "Warren and four others broke into storage units" and were arrested after "they had loaded their car and were leaving the storage area."

Burglary of a storage unit is burglary of a commercial structure, and it thus qualifies as a "crime of violence" under our precedents. Warren's failure to object to the PSR's characterization of his conduct as burglary of a storage unit is dispositive. It is an admission of facts that precludes his contention that he might theoretically have been convicted of burglarizing a ship, trailer, sleeping car, or airplane. *United States v. Menteer*, 350 F.3d 767, 771 (8th Cir. 2003), *petition for cert. filed*, (U.S. Feb. 17, 2004) (No. 03-8987). Accordingly, we hold that the district court properly sentenced Warren as a career offender.

Warren next contends that the district court erred by imposing a two-level upward adjustment for obstruction of justice pursuant to USSG § 3C1.1. He says the district court's findings were insufficient to impose the adjustment, and that the evidence does not support a finding that he committed perjury. We do not reach that question, because we find it was plain error to apply the adjustment in addition to the offense level set by § 4B1.1, and we hold that a remand for resentencing is warranted.

When a defendant is sentenced pursuant to the career-offender guideline, the only adjustment from Chapter Three of the guidelines that may apply is the

adjustment for acceptance of responsibility under USSG § 3E1.1.  None of the other Chapter Three adjustments, whether upward or downward, apply to such a defendant. USSG § 4B1.1; *United States v. Beltran*, 122 F.3d 1156, 1160 (8th Cir. 1997); *United States v. McNeil*, 90 F.3d 298, 300 (8th Cir. 1996).  The government concedes it was plain error to apply the adjustment, although it notes that the computation was recommended by the probation office, and neither party alerted the district court to the error.  We have authority to correct the error even though it was not raised in the district court or on appeal.  *United States v. Kroeger*, 229 F.3d 700, 702 (8th Cir. 2000).

We correct a plain error only if it affects the substantial rights of the defendant, and "the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  *United States v. Olano*, 507 U.S. 725, 736 (1993) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).  In this case, the district court sentenced the defendant to a term of 324 months, based on an offense level of 36 and a sentencing range of 324 to 405 months. If the obstruction-of-justice adjustment had not been applied, then Warren's total offense level would have been 34, and his sentencing range 262 to 327 months.  Thus, Warren's sentence of 324 months would also have fallen within the correct guideline range, albeit near the top of that range.

The government argues that we should not correct the plain error because the erroneous application of the obstruction-of-justice adjustment was actually *favorable* to Warren.  The government contends that without the obstruction adjustment, the district court would not have awarded Warren a three-level downward adjustment for acceptance of responsibility, and his total offense level would have been one level *higher*, resulting in a sentencing range of 360 months to life imprisonment.  In its supplemental brief, the government asserts that the district court did not apply the downward adjustment for acceptance of responsibility on the basis that this was an "extraordinary case" where both § 3C1.1 and § 3E1.1 may apply, *see* USSG § 3E1.1, comment. (n.4), but rather because the court felt it already had "punished" Warren

"sufficiently" by applying the two-level obstruction adjustment. Thus, says the government, Warren would receive a windfall if the case were remanded for resentencing with a guideline range of 262 to 327 months.

We are puzzled by this argument. If the government is correct that the district court in no event would have wanted Warren to be sentenced at an offense level less than 36, then it should be simple enough for the government to persuade the court on remand to resentence Warren to the same term of imprisonment. If the district court thought the lowest appropriate sentence was the bottom of the range for level 36 (*i.e.*, 324 months), then that sentence is available in the corrected range of 262 to 327 months. There can be no windfall if the government is right about the district court's intent.

We also disagree, however, with the government's interpretation of the district court's comments. It is true that the court did not make the required finding of an "extraordinary case" before applying § 3E1.1. But the district court's comments do not indicate that it would have *refused* to apply § 3E1.1 if the obstruction adjustment *had not* been applied. To the contrary, the court said its "general practice" was that "if a defendant saves the court and the taxpayers a trial that I will normally give acceptance of responsibility, even if they have done something that they shouldn't do after that." (S. Tr. 7).

In *United States v. Weaver*, 161 F.3d 528 (8th Cir. 1998), we remanded for resentencing where a plain typographical error affected the sentencing guideline range, even though the sentence imposed by the district court fell within both the correct and the incorrect guideline ranges. We were unwilling to say that Weaver's substantial rights were not affected, because the record as a whole showed that the district court "might well have sentenced Weaver to a lesser term of imprisonment under the range that would have applied" but for the error. *Id.* at 530. We said it was an appropriate case to exercise discretion to correct an error, because "the public's

confidence in the judicial process would be undermined if an inadvertent typographical error were to be allowed to influence the length of a criminal defendant's sentence." *Id.* Several of our sister courts have held that where a defendant is sentenced pursuant to an incorrect guideline range, there is a presumption of prejudice that requires remand, unless the record shows that the district court would have imposed the same sentence absent the error. *See United States v. Knight*, 266 F.3d 203, 207-09 (3d Cir. 2001) (collecting cases).

For essentially the reasons stated in *Weaver*, we believe the error in this case should be corrected, and the case remanded for resentencing within the correct guideline range. Our review of the record does not provide us with confidence that the district court would have sentenced Warren to 324 months imprisonment if the applicable range had been 262 to 327 months. In sentencing Warren to the bottom of the range of 324 to 405 months, the district court cited three factors. First, it believed the guideline range was "high for this offense." Second, it said the sentencing guidelines do not take into account "any range of career offenders," and that Warren's criminal history was "at the low end of the spectrum for career offenders." Third, the court considered that Warren had received the two-level upward adjustment for obstruction of justice, observing that he was "sufficiently punished for his perjury by the two point enhancement." (*See* S. Tr. 15; Judgment at 7).

Under a correct application of the guidelines, of course, Warren would not have received the two-level adjustment for perjury. But we cannot tell how, in selecting a sentence between 262 and 327 months, the district court would have balanced the absence of an obstruction-of-justice adjustment with its view about Warren's place in the range of career offenders. Would the latter outweigh the former, and influence the court to impose a sentence of less than 324 months? Would the district court also consider that a range of 262 to 327 months was "high for this offense?" To predict would be to speculate, and we believe there is enough ambiguity to conclude that the

district court "might well" have arrived at a lesser term of imprisonment. *See Weaver*, 161 F.3d at 530. As we believe the public's confidence in the judicial process would be undermined as much when an increased sentence results from an obvious guideline computation error as from an obvious typographical error, we exercise our discretion to remand for resentencing. *Id.*

We do not suggest that the district court should or should not alter the term of imprisonment on remand. We hold only that the standard for remand set by *Weaver* has been met, and Warren should be resentenced within the correct guideline range of 262 to 327 months.

The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

_____