# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1329

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Tony Franciosa Cross, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 16, 2004
Filed: May 9, 2005

_____

Before WOLLMAN, RICHARD S. ARNOLD,[1] and BYE, Circuit Judges.

_____

PER CURIAM.

Tony Cross pled guilty to one count of possessing with the intent to distribute over five grams of cocaine base, a violation of 21 U.S.C. § 841(a)(1). He appeals the sentence imposed by the district court.[2] We affirm.

---

[1]The Honorable Richard S. Arnold died on September 23, 2004. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

[2]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

# I.

The parties agree that the district court erroneously relied on the 2003 edition of the guidelines manual, which limits to one criminal history category a downward departure based on overstated criminal history under section 4A1.3. (The 2002 edition, which should have been used, does not contain the limitation.) Nonetheless, "the discretionary denial of a motion for downward departure based on overstated criminal history is not reviewable unless the district court determined that it lacked authority to consider the motion." United States v. Kelly, 329 F.3d 624, 630 (8th Cir. 2003). Because the district court did not determine that it lacked authority to consider Cross's motion for a downward departure, we may not review the district court's discretionary decision.

We note, in any event, that the record reflects that the district court would have imposed the same sentence under the 2002 edition of the guidelines. Cf. United States v. Warren, 361 F.3d 1055, 1059 (8th Cir. 2004) ("Several of our sister courts have held that where a defendant is sentenced pursuant to an incorrect guideline range, there is a presumption of prejudice that requires remand, unless the record shows that the district court would have imposed the same sentence absent the error."). The district court concluded that Cross was a career offender, knew of the circumstances surrounding his allegedly overstated criminal history, and knew of its ability to depart downward by at least one criminal history category.[3] It chose not to grant any downward departure. Accordingly, the district court's reliance on the wrong edition of the guidelines constituted harmless error.

---

[3]Prior to imposing sentence, the district court stated: "I do recognize that I have the authority to depart if I believe that the criminal history category is overstated. . . . I do not believe this case presents a circumstance under which I should depart downward because the criminal history is overstated." Sen. Hrg. Tr. at 16.

## II.

Cross asserts in a supplemental brief that the district court improperly concluded that two or more of his prior convictions were for "crimes of violence" within the meaning of sections 4B1.1 and 4B2.1 of the sentencing guidelines. Because Cross did not preserve his challenge by a timely objection below, we review the district court's conclusion for plain error. United States v. Pirani, No. 03-2871, slip op. at 6 (8th Cir. April 29, 2005) (en banc). Because the district court based its determination upon facts of prior convictions, Cross's argument fails to implicate constitutional concerns. See United States v. Booker, 125 S. Ct. 738, 756 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

The Presentence Investigation Report, adopted by the district court, indicates that among Cross's numerous convictions were a 1996 felony conviction for theft of a motor vehicle and a 1998 felony conviction for attempted theft of a motor vehicle. Because we have held that the theft or attempted theft of an operable vehicle is a crime of violence under section 4B1.2 of the sentencing guidelines, see United States v. Sun Bear, 307 F.3d 747, 753 (8th Cir. 2002), the district court did not err in concluding that Cross had at least two prior convictions for a crime of violence.

The judgment is affirmed.

_____