# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3914

———————

United States of America,

   Appellee,

  v.

Tramale D. Wright,

   Appellant.

\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Arkansas.
\*
\* [UNPUBLISHED]
\*

———————

Submitted: August 19, 2010
Filed: November 29, 2010

———————

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

  Pursuant to a written plea agreement, Tramale Wright pleaded guilty to two charges.  Count 1 charged him with robbing a federally insured bank in April 2008, and in so doing committing assault with a dangerous weapon.  Count 2 alleged that he robbed a federally insured bank while on release in November 2008, and in so doing committed assault with a dangerous weapon (Count 2).  Both counts charged a violation of 18 U.S.C. § 2113(a) and (d).  The district court sentenced Wright to a prison term of 168 months, which was the top of the advisory guidelines range.

  On appeal, Wright's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the reasonableness of Wright's

sentence. After independently reviewing the matter under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we denied counsel's motion and directed the government to file a brief addressing an issue involving the court's Guidelines calculations. Upon careful review and for the reasons stated below, we now affirm.

I.

At the sentencing hearing, the district court made the following calculations under the sentencing guidelines. As to each count, the court began with a base offense level of 20, <u>see</u> USSG § 2B3.1(a), and added two levels because the property of a financial institution had been taken, <u>see</u> USSG § 2B3.1(b)(1). As to Count 1, the court added three levels because Wright had brandished a dangerous weapon, <u>see</u> USSG § 2B3.1(b)(2)(E), which raised the offense level to 25. As to Count 2, the court added two levels due to the amount of loss, <u>see</u> USSG § 2B3.1(b)(7)(C), five levels because a firearm had been brandished, <u>see</u> USSG § 2B3.1(b)(2)(C), and two levels because Wright had physically restrained persons during the offense and his escape, <u>see</u> USSG § 2B3.1(b)(4)(B), all of which raised the offense level to 31. The court then calculated a combined offense level of 32 by adding one level to the higher offense level. <u>See</u> USSG § 3D1.4. The court then added three levels under USSG § 3C1.3 based on Wright's commission of an offense while on release, <u>see</u> 18 U.S.C. § 3147(1); USSG § 3C1.3, subtracted three levels for acceptance of responsibility, <u>see</u> USSG § 3E1.1, and concluded that Wright's total offense level was 32. With a criminal history category II, Wright's resulting advisory guideline range was 135-168 months' imprisonment. There were no objections to the district court's guideline calculations, and the court sentenced Wright to 168 months in prison.

In our <u>Penson</u> review, we discovered an error in the district court's guideline calculations. The Application Instructions to the guidelines indicate that adjustments under Part C of Chapter 3 are to be applied before adjustments to the offense level under Part D of Chapter 3. <u>See</u> USSG § 1B1.1(c), (d). If, in the present case, the

district court had applied the three-level increase under section 3C1.3 for Count 2 before calculating the combined offense level under section 3D1.4, the offense level for Count 2 would have been 34. Wright's combined offense level would have been 34, given that his Count 1 offense level was 25. See USSG § 3D1.4(a), (c). His total offense level would have been 31 after subtracting three levels for acceptance of responsibility. And the advisory guideline range would have been 121-151 months, as compared with the district court's calculated range of 135-168 months.

Following our Penson review, we directed the government to file a brief addressing whether the district court had committed plain error warranting relief when it applied the three-level increase under USSG § 3C1.3 after calculating the combined offense level pursuant to USSG § 3D1.4. The government has filed a brief asserting, among other things, that even if the district court plainly erred in calculating the advisory range, Wright cannot show that the error affected his substantial rights. Wright's counsel has submitted a reply brief arguing that the district court plainly erred in its guideline calculations, which resulted in an overstated guidelines range, and that "there is sufficient ambiguity in the sentencing proceeding to conclude that the district court might well have arrived at a lesser term of imprisonment" had it properly calculated the Guidelines range. Wright has filed a pro se supplemental reply brief in which he maintains that his sentence is substantively unreasonable.

II.

District courts should begin all sentencing proceedings by correctly calculating the applicable guideline range. See United States v. Feemster, 572 F.3d 455, 460-61 (8th Cir. 2009) (en banc). In reviewing a sentence imposed by a district court, we must first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. See id. at 461. If no objection was asserted below, our review is for plain error only. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Under plain-error review, the defendant must

show (1) an error, (2) that it is plain, and (3) that it affects substantial rights. See id. at 550. If these first three prongs are met, we may then exercise our discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. See id.

We conclude that the district court committed a procedural error when it failed to apply the section 3C1.3 adjustment before applying the section 3D1.4 adjustment. We further assume, for the sake of analysis, that the error is obvious. We conclude, however, that Wright has not satisfied his burden to show that the error affected his substantial rights.

In Pirani, the en banc court clarified that a defendant seeking relief under a plain-error standard "must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." 406 F.3d at 552. The court explained that "'where the effect of the error on the result in the district court is uncertain or indeterminate – where we would have to speculate – the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error.'" Id. at 552-53 (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005)). Pirani thus effectively superseded language in prior panel decisions suggesting that the third prong of the plain-error analysis is satisfied where the district court "might well" have sentenced the defendant to a shorter term of imprisonment but for an error in calculating the guidelines. See United States v. Warren, 361 F.3d 1055, 1058-59 (8th Cir. 2004), United States v. Weaver, 161 F.3d 528, 530 (8th Cir. 1998) (per curiam).

In this case, the district court received at sentencing several statements from employees of the bank that had been robbed in November 2008. They described Wright's violent manner in carrying out that robbery and the trauma they continued to suffer, and they asked the court to impose the maximum sentence. Before imposing the sentence, the court stated: "There was so much in the way of gratuitous evil

-4-

involved in this particular enactment that I cannot ignore it. I do believe that the sentencing guidelines do provide an adequate range for the penalty to be imposed." Under the advisory guideline system announced in United States v. Booker, 543 U.S. 220 (2005), the court would have been free to impose the same "adequate" sentence of 168 months' imprisonment pursuant to 18 U.S.C. § 3553(a), even if the court had calculated the correct advisory range of 121-151 months. Wright has not identified anything in the record showing a reasonable probability that but for the district court's one-level error in calculating the guideline range, Wright would have received a more favorable sentence under § 3553(a). Given the district court's statement that the range of 135-168 months provided an adequate penalty range, we can only speculate as to whether the court would have imposed a shorter term of imprisonment, and relief is not warranted under the plain-error standard of review. See United States v. Bain, 586 F.3d 634, 640 (8th Cir. 2009), cert. denied, 131 S. Ct. 74 (2010); Pirani, 406 F.3d at 553.

We also conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Saddler, 538 F.3d 879, 890 (8th Cir. 2008).

For these reasons, the judgment of the district court is affirmed.

_____