# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3050

_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Terrell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 15, 2016
Filed: May 16, 2016

_____

Before RILEY, Chief Judge, WOLLMAN and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Bryan Terrell pled guilty to being a felon in possession of a firearm and ammunition, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 100 months in prison, and Terrell appeals. We vacate his sentence and remand for resentencing.

Terrell pled guilty to one count of felon in possession of a firearm after police recovered two pistols and ammunition from a car in which he was riding. See 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing the district court found that Terrell's firearm possession also violated Iowa Code § 724.4(1) which prohibits "knowingly carr[ying] or transport[ing] in a vehicle a pistol or revolver." The court therefore applied a four level enhancement for his possession of a firearm "in connection with another felony offense." See U.S.S.G. § 2K2.1(b)(6)(B). In its guideline calculation the court arrived at a total offense level of 25, which combined with Terrell's criminal history category of V, should have yielded an advisory guideline range of 100–120 months.[1] The district court mistakenly stated that the applicable guideline range was 110–120 months.

After concluding that application of the four level enhancement under guideline § 2K2.1(b)(6)(B) was particularly harsh under the circumstances of this case, the district court varied downward from the bottom of the guideline range and sentenced Terrell to 100 months. Terrell appeals.

Terrell first argues that the district court erred by applying a four level enhancement for possession of a firearm in connection with another felony offense because his violation of Iowa Code § 724.4(1) was based on the same conduct underlying his federal offense. See U.S.S.G. § 2K2.1 cmt. n.14(C). He contends that application of this Iowa enhancement therefore "double punishes the act of possessing a firearm." As Terrell concedes, however, this argument is foreclosed by our decision in United States v. Walker, 771 F.3d 449 (8th Cir. 2014). We explained in Walker that a violation of § 724.4(1) would support the application of such an enhancement because a defendant does not "automatically commit the [Iowa] felony when he violate[s] 18 U.S.C. § 922(g) by possessing a firearm as a felon." Id. at

_____

[1] 120 months is the statutory maximum sentence under 18 U.S.C. § 924(a)(2).

452–53.  The district court's application of this enhancement should therefore be affirmed.

Terrell also argues that the district court committed procedural error by sentencing him using an incorrect guideline range of 110–120 months.  Our review is for plain error because Terrell did not raise this objection below.  United States v. Stokes, 750 F.3d 767, 771 (8th Cir. 2014).  To establish plain error, Terrell must show that "(1) there was error, (2) the error was plain, and (3) the error affected his substantial rights."  Id.  We will remand for resentencing if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Weaver, 161 F.3d 528, 530 (8th Cir. 1998) (alteration omitted).  Here, the parties agree that the district court plainly erred and that remand is necessary.

The government concedes that the correct guideline range for Terrell is 100–120 months and that the district court intended to vary downward from the applicable range.  Because the court misstated the guideline range, however, it did not actually vary downward as intended.  We agree with the parties that this was plain error which affected Terrell's substantial rights since "there is a reasonable probability that [he] would have received a lighter sentence but for the error."  Stokes, 750 F.3d at 771.  Because "the public's confidence in the judicial process would be undermined . . . when an increased sentence results from an obvious guideline [ ] error," United States v. Warren, 361 F.3d 1055, 1059 (8th Cir. 2004), we vacate Terrell's sentence and remand for resentencing.

_____

-3-