# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2649

_____

United States of America,

*Plaintiff - Appellee,*

v.

James Paul Hubbell,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 15, 2016
Filed: August 9, 2016
[Unpublished]

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and MOODY,[1] District Judge.

_____

PER CURIAM.

James Paul Hubbell pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. The

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation.

district court[2] sentenced Hubbell to 140 months' imprisonment. On appeal, Hubbell argues that the court erred in denying a downward adjustment under the advisory guidelines for a mitigating role in the offense. He also contends that his sentence is substantively unreasonable. We affirm.

Beginning around June 2014, Hubbell agreed with Michael Joslin and others to distribute methamphetamine in both Riverside and Iowa City, Iowa. Between August 2014 and December 2014, an undercover officer and a confidential source made multiple controlled purchases of purported or actual methamphetamine from Hubbell. During a transaction in December, law enforcement officers took Hubbell into custody. After officers advised Hubbell of his rights, he admitted to distributing methamphetamine for approximately six months and stated that his main source of supply was Joslin.

A grand jury charged Hubbell with one count of conspiracy to distribute methamphetamine. Hubbell entered into a plea agreement with the government, and pleaded guilty to that count. Hubbell admitted to obtaining, purchasing, and distributing at least 100 grams of actual methamphetamine. His criminal history included two prior convictions for drug trafficking, as well as convictions for drunk driving, possession of marijuana (thrice), domestic abuse assault, domestic assault causing injury while displaying a dangerous weapon, trespass (twice), and theft.

At sentencing, the district court found that Hubbell was responsible for a quantity of drugs that resulted in a base offense level of 30 under the advisory guideline. The court also found that Hubbell qualified as a career offender based on the two prior drug-trafficking convictions. Because the career-offender guideline

---

[2]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

provided for a higher offense level of 32, the court applied that level in accordance with USSG § 4B1.1(b).

Hubbell asserted that he was entitled to a downward adjustment under USSG § 3B1.2 for playing a minor role in the conspiracy. The district court, after noting that it might be "an academic question," found that the record did not support a downward adjustment for a mitigating role in the offense.

After subtracting three offense levels for acceptance of responsibility from the career-offender offense level of 32, the court arrived at a total offense level of 29. The court then concluded that criminal history category VI, which applied because of Hubbell's career-offender status, overstated Hubbell's history, and departed downward to category V. That resulted in a sentencing range of 140 to 175 months' imprisonment. The court sentenced Hubbell to 140 months in prison and three years of supervised release.

Hubbell challenges the sentence imposed by the district court. Hubbell first contends that the district court procedurally erred in denying a downward adjustment under the advisory guidelines for a mitigating role in the offense. *See* USSG § 3B1.2. But as the district court suggested, the applicability of the adjustment is an academic question. When a defendant is sentenced as a career offender, adjustments for role in the offense under Chapter Three, Part B do not apply. *See* USSG § 4B1.1; *United States v. Warren*, 361 F.3d 1055, 1058 (8th Cir. 2004). Whether or not Hubbell qualified for a mitigating role adjustment, his offense level (before considering acceptance of responsibility) was set at 32 by the career-offender guideline. It is therefore unnecessary to address Hubbell's claim of procedural error.

Hubbell also contends that his sentence is substantively unreasonable because the district court improperly weighed his prior criminal history, his culpability relative to Joslin, and the likelihood that Hubbell would commit further crimes. *See*

18 U.S.C. § 3553(a). Hubbell asserts that his prior convictions involved small-scale drug dealing and that he should not be treated as a career offender. We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We presume that a sentence within the advisory guideline range is reasonable. *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

The district court did not abuse its discretion. The court "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). The court heard and considered Hubbell's arguments about his prior convictions, his relative culpability, and the asserted unlikelihood of recidivism. The court took into account the nature of Hubbell's criminal history by departing downward, but also properly considered the need to avoid unwarranted sentencing disparities among similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6). The court reasonably concluded that a sentence at the bottom of the post-departure guideline range was appropriate, given the seriousness of Hubbell's offense and his criminal history.

The judgment of the district court is affirmed.

_____