# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-2216

_____

United States of America

*Plaintiff - Appellee*

v.

Angel Lynnette Walker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: April 13, 2020
Filed: June 4, 2020
[Unpublished]

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Angel Lynnette Walker pled guilty to two counts in a seven-count indictment: conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 846; and possession of a firearm during a drug trafficking crime,

in violation of 18 U.S.C. § 924(c)(1)(A). The district court[1] sentenced her to a within-Guidelines sentence of 66 months' imprisonment on the drug conspiracy offense[2] and a consecutive term of 60 months on the firearm offense.[3] Walker argues the court erred when it included as part of her criminal history score one point for each of her two prior state convictions for possession of drug paraphernalia. She asserts that because the paraphernalia involved in the state convictions consisted of straws with methamphetamine residue, those convictions should have been considered relevant conduct in this case. Finding no clear error, we affirm.

## I.    Background

Law enforcement officers conducted a traffic stop on Walker's vehicle on May 4, 2018, and within the vehicle they discovered a Hi-Point 9mm pistol and drug paraphernalia consisting of a metal container and two straws each with methamphetamine residue. Walker pled guilty in Dubuque County, Iowa, state court for possession of drug paraphernalia, and in August 2018 was sentenced by the court to pay a fine. A confidential informant made two controlled buys of methamphetamine from Walker–the first buy occurred on May 16, 2018, and the second one occurred on May 25, 2018. On May 27, 2018, law enforcement officers again stopped Walker's vehicle. During this search, officers located a magnetic box containing a straw that tested positive for methamphetamine. Walker pled guilty in Dubuque County, Iowa, state court for possession of drug paraphernalia, and in August 2018 was sentenced by the court to pay a fine.

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

[2]The conspiracy offense carried a mandatory minimum sentence of 5 years and a maximum of 40 years.  21 U.S.C. § 841(b)(1)(B).

[3]The firearm offense carried a minimum consecutive term of 5 years and a maximum term of life.  18 U.S.C. § 924(c)(1)(A).

Walker's vehicle was stopped a third time by law enforcement on May 31, 2018. Officers discovered 5.32 grams of actual methamphetamine on Walker and 1.16 grams of methamphetamine divided into three separate baggies on the floorboard of her vehicle. On this same day, officers executed a search warrant at Walker's residence. Inside her bedroom, officers found a loaded Raven Arms, Model MP-25, .25 auto caliber pistol, a box of .25 caliber ammunition, and drug paraphernalia. During an interview with law enforcement officers, Walker admitted to using the pistols for protection and to selling 42.36 grams of "ice" methamphetamine to others. Walker was indicted in December 2018 on four drug-related offenses and three firearm offenses. She stipulated as part of her plea agreement that the .25 caliber pistol found by law enforcement inside her bedroom was used in furtherance of the conspiracy to distribute methamphetamine and that the appropriate drug quantity attributable to her under the Sentencing Guidelines was at least 20 grams of "ice" methamphetamine.

The Presentence Investigation Report ("PSIR") classified Walker's two drug paraphernalia convictions as "prior sentences" for purposes of U.S.S.G. § 4A1.1 and assigned the convictions a total of two points. Walker objected and, at sentencing, argued that the convictions were relevant conduct because (1) the temporal and geographic proximity of the paraphernalia offenses overlapped with the conspiracy offense, (2) the paraphernalia offenses were part of a "common scheme" that would have been used by the government as part of its proof for the conspiracy offense, and (3) the methamphetamine residue could have been considered relevant conduct for calculating drug quantity. The district court disagreed, explaining that there was a distinction between drug users possessing paraphernalia and those conspiring to distribute controlled substances and that it was mere speculation that the government would have introduced evidence of Walker's drug paraphernalia possession to prove that Walker conspired to distribute methamphetamine.

While the court found the PSIR properly calculated Walker's criminal history score, it granted Walker's downward departure motion under U.S.S.G. § 4A1.3(b), finding that criminal history category III substantially overstated the seriousness of Walker's criminal history and likelihood of recidivism. After moving her to category II and with a total offense level of 25, Walker's advisory Guidelines range was 63 to 78 months on the drug offense. After considering the factors set forth in 18 U.S.C. § 3553(a), the court determined that the appropriate sentence was a term of 66 months on the drug offense. The court imposed the mandatory consecutive term of 60 months on the firearm offense.

Walker argues on appeal that the court should have placed her in criminal history category I, which would have resulted in a Guidelines range of 57 to 71 months, but because of the applicable mandatory minimum the range would have been 60 to 71 months. Walker acknowledges that the most her sentence could be reduced by is six months.

## II.    Discussion

We review "prior sentence" and "relevant conduct" determinations for clear error, "remembering that such a determination is fact-intensive and well within the district court's sentencing expertise and greater familiarity with the factual record." United States v. Boroughf, 649 F.3d 887, 890 (8th Cir. 2011) (internal quotations omitted). "When calculating criminal history points, a sentencing court is to consider any sentence previously imposed for conduct not part of the instant offense." United States v. Hernandez, 712 F.3d 407, 409 (8th Cir. 2013) (cleaned up). Under § 4A1.1(c) of the Sentencing Guidelines, a court is to add one criminal history point, up to a total of four points, for each conviction where the prior sentence of imprisonment was less than 60 days. In determining whether a prior conviction should be scored in the criminal history calculation, we have applied the following factors: "temporal and geographical proximity, common victims, common scheme,

charge in the indictment, and whether the prior conviction is used to prove the instant offense." United States v. Pinkan, 675 F.3d 1088, 1091 (8th Cir. 2012) (quoting United States v. Ault, 598 F.3d 1039, 1041 (8th Cir. 2010)).

"When as in this case 'the instant offense' is a drug conspiracy and the prior conviction was for a drug-related offense committed during the conspiracy period, the question is whether the prior conduct was a 'severable, distinct offense.'" Id. (quoting United States v. Stone, 325 F.3d 1030, 1032 (8th Cir. 2003)). Without question, there is temporal and geographic proximity. However, there was no allegation or other indication that the government intended to tie Walker's possession of drug paraphernalia to the conspiracy. The government did not plead drug paraphernalia possession either as an overt act in furtherance of the conspiracy or as a separate charge. This court has noted that the victim of a drug paraphernalia offense is the user herself, while the victims of a drug trafficking conspiracy are subsequent drug users. Ault, 598 F.3d at 1041. The district court did not clearly err in finding Walker's prior drug paraphernalia convictions were severable and distinct from the conspiracy to distribute methamphetamine offense. We conclude two criminal history points were properly assessed for those convictions.

## III. Conclusion

The judgment of the district court is affirmed.

_____