# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2352
_____

United States of America

*Plaintiff - Appellee*

v.

Henry Wilke Eilders

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: April 11, 2022
Filed: May 19, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Henry Wilke Eilders pleaded guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The conspiracy occurred from summer 2018 to

March 10, 2020, primarily in Linn County and Des Moines County, Iowa, and the possession with intent to distribute occurred on March 10, 2020, in Linn County.

The presentence report scored one criminal history point for Eilders's state sentence relating to his September 2016 possession of methamphetamine in Tama County, Iowa, and one point for Eilders's state sentence relating to his September 2017 possession of methamphetamine in Black Hawk County, Iowa. Although Eilders did not object to the assessment of these criminal history points, the district court[1] nonetheless found that the state offenses were separate from the federal offense conduct and thus were properly scored under the U.S. Sentencing Guidelines. The district court also added two criminal history points because Eilders committed the federal offense while under criminal justice sentences for the Iowa offenses. Eilders's Guidelines sentencing range was 236 to 294 months' imprisonment. The district court varied downward and imposed a 230-month sentence.

We conclude that the district court did not plainly err in assessing the two criminal history points for the sentences related to Eilders's 2016 and 2017 methamphetamine possession offenses. See United States v. Olano, 507 U.S. 725, 732 (1993) (standard of review); United States v. Ault, 598 F.3d 1039, 1041 (8th Cir. 2010) ("If the conduct is part of the instant offense, it is relevant conduct and is considered in the calculation of the defendant's offense level, not the criminal history category."); U.S.S.G. § 4A1.1 (assessing points for certain "prior sentences"); U.S.S.G. § 4A1.2 (defining "prior sentence" as "any sentence previously imposed . . . for conduct not part of the instant offense"). Eilders's state offenses were severable and distinct from his federal offenses because they occurred well before the charged conspiracy, they involved only small quantities of methamphetamine, they did not involve distribution, they were not used to prove the federal offenses, they occurred

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

in different Iowa counties, and there were no common victims.  See United States v. Campbell-Martin, 17 F.4th 807, 818–19 (8th Cir. 2021) (district court did not clearly err in determining defendant's prior offense was not relevant conduct because there was a four-month gap between the offenses, there was no common scheme or purpose, the prior offense involved different controlled substance, the offenses occurred in two different Iowa counties, and there were no common victims), *petition for cert. filed*, 90 U.S.L.W. 3326 (U.S. Apr. 11, 2022) (No. 21-1344).  The district court also properly assessed Eilders two criminal history points for committing the federal offense while under the Iowa sentences.  See U.S.S.G. § 4A1.1(d).

The judgment is affirmed.

_____